IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA M. BUSH              : | |
|     Petitioner,       : | |
| v.                           : | CIVIL ACTION NO. L-07-1727 |
|                              : | |
| UNITED STATES OF AMERICA     : | |
|     Respondent.      : | |

**MEMORANDUM**

Pending is Barbara M. Bush's ("Bush") civil action. No oral argument is necessary because the case is subject to summary dismissal upon preliminary review. For the reasons stated below, the Court will, by separate Order, dismiss the Petition.

**I.     BACKGROUND**

On April 27, 2006, a criminal complaint was filed charging Bush with two counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). An indictment charging the same was entered on May 8, 2006. Bush has twice received the appointment of CJA counsel. A joint motion for court-ordered psychiatric examination was granted by the Court and a motions hearing is currently scheduled for September 7, 2007.

On June 29, 2007, the Court received this "Petition for Writ of Habeas Corpus," raising due process challenges to Bush's confinement at the Federal Medical Center-Carswell in Texas and her competency evaluation. (Docket No. 1). The *pro se* matter has been construed as a 28 U.S.C. § 2241 Petition for habeas corpus relief.

**II.    STANDARD OF REVIEW**

Jurisdiction over a habeas corpus action filed under § 2241 lies in the federal district court where the movant is incarcerated or in the federal district court where her custodian is located. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986); Boone v. United States Parole Commission, 648 F. Supp. 479, 480 (D. Md. 1986).

### III.   ANALYSIS

As Bush is detained in Texas, this Court has no personal jurisdiction over her § 2241 Petition.[1] Moreover, Bush is ably represented by counsel in the criminal proceedings. To the extent that she is challenging this Court's decision to grant the joint motion for a court-ordered psychiatric examination, the undersigned finds her claims to be without merit.

### IV.   CONCLUSION

For the aforementioned reasons, the Petition will be dismissed.

Dated this 6th day of August, 2007.

                                                /s/
                                                Benson Everett Legg
                                                Chief Judge

---

[1] Individuals who are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a [28 U.S.C. § 2255] motion to vacate sentence...." Id. at 1194. Absent extraordinary circumstances, however, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939); United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1994); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979). Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes the premature consideration of a § 2255 motion absent extraordinary circumstances. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Davis, 604 F.2d at 484. To the extent that Bush is seeking to attack her underlying federal charges, the Court shall not construe the instant action as a motion to vacate filed pursuant to 28 U.S.C. § 2255.